Howell, J.,
dissenting. On third November, 1873, plaintiff as holder of a note of $1200, dated twenty-third of August and due at one year from date, and mortgagee in the act of mortgage executed to secure its payment, sued the defendant as maker of said note, and asked that the mortgage be enforced. The defendant answered denying having executed or signed the note or act of mortgage, and denying any indebtedness to plaintiff, whereupon she filed an amended petition alleging that she received the note from Yan Solingen & Carpenter, a firm of brokers, composed of H. M. Yan Solingen and John C. Carpenter, who represented the note to be good .'and genuine, and received from her the full value thereof; that relying entirely upon their skill and correctness as brokers and paying them for their services, she made no personal effort to ascertain the genuineness of the note or mortgage; that they undertook to give her a perfectly good investment for her money, but they were guilty of gross neglect or incompetency; and that by virtue of their employment, and expressly or verbally, guaranteed the note as such, and are bound to her as warrantors, and she called them in warranty.
They filed a general denial, and after hearing evidence the court a qua rendered judgment dismissing the suit as to defendant Bourke, and *391 against Yan Solingen & Carpenter as warrantors for the amount of the note, from which they appealed.
The material facts, according to my estimate of the testimony, are, that one William McC. Jones, a notary public, informed the appellants that Bourke wished to effect a loan of $1200 on a mortgage upon a certain piece of property worth $5000; they stated to him that they knew a party who wished to invest such an amount, but it must be a good and secure investment; the notary gave a description of the property, and the appellants saw and advised plaintiff to examine it, which she did, and expressed herself satisfied as to its value; the notary then left the papers prepared by him with appellants, who advised plaintiff to employ a lawyer to examine the titles, which was done, and the lawyer reported favorably, and the matter was closed at the office of the appellants by the delivery of the note to the plaintiff and the money to the notary. A few days before the maturity of the note plaintiff called on one of the appellants, who advised her, as the note was not in bank, to notify Bourke that it was about to mature. She called on him, never having seen him before, and he denied owing such a note. She informed appellants, and one of them went with her to see the notary; but learned from a Mr. T. S. Elder, with whom it seems the notary kept his office, that the notary had left, and he, Elder, feared it was a trick or fraud similar to those he had perpetrated against other parties, whom he named. Bourke testified that he did not execute the note or mortgage in suit. There is no proof that the appellants bound themselves personally for the debt. The statements of the plaintiff, her sister and father, as to what the brokers said about the defendant, Bourke, and the nature of his credit and the note, do not, in my opinion, make the brokers the guarantors of the notary, or the genuineness of the note and mortgage, as they are not shown to have had any knowledge or suspicion of the fraud; and the question is, are they liable as warrantors or guarantors, as charged 1
A broker or intermediary is he who is employed to negotiate a matter between two parties, and for that reason is considered the mandatory of both. His obligations are similar to those of an ordinary mandatory, with this difference, that his engagement is double, and requires that he should observe the same fidelity to all parties, and not favor one more than the other. He is not responsible for the events which arise in the affairs in which he is employed; he is only, as other agents, answerable for fraud or faults. Except in case of fraud, he is not an-’ swerable for the insolvency of those to whom he procures sales or loans, although he receives a reward for his agency and speaks in favor of him who buys or borrows. Commercial and money brokers, besides the obligations which they incur in common with other agents, have *392 their duties prescribed by the laws regulating commerce. R. C. C., articles 3016, 3020.
In this case, I think the evidence does not establish fraud or fault on the part of the appellants. They with others had confidence in the notary, who up to about the maturity of the note in suit, bore a good reputation in the community, and the transaction was conducted as was usual in similar transactions. They acted with the fidelity of ordinary mandatories, and are not responsible to plaintiff, as charged.
For these reasons I dissent.
Mr. Justice Wyly concurs in this dissenting opinion.
Rehearing refused.